**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Laura Sixkiller, SBN 022014; SixkillerL@gtlaw.com
Stacey Gottlieb, SBN 015084; GottliebS@gtlaw.com
*Attorneys for Defendants Nationstar Mortgage LLC and T.D. Service Company of Arizona*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JAY N. GARDNER and RACHEL B. GARDNER, Husband and Wife; <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, a foreign limited liability company authorized to conduct business in the State of Arizona T.D. SERVICE COMPANY OF ARIZONA, an Arizona Corporation; ABC Corporations, Limited Liability Companies and Partnerships 1-100; and DOES 1-100; <br><br> Defendants. | Case No. <br><br> (Formerly in the Superior Court of the State of Arizona, in and for the County of Maricopa, No. CV2013-010414) <br><br> **NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendants Nationstar Mortgage LLC and T.D. Service Company of Arizona (collectively, "Defendants") hereby remove the above-titled civil action from the Superior Court of Maricopa County, Arizona, to the United States District Court for the District of Arizona. Defendants file this Notice pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, and state as follows:

**THE STATE COURT ACTION**

1. On July 30, 2013, plaintiffs Jay N. Gardner and Rachel B. Gardner (collectively, "Plaintiffs") commenced an action in Maricopa County Superior Court,

styled *Jay N. Gardner et al. v. Nationstar Mortgage LLC et al.*, Case No. CV2013-010414 the "State Court Action") with the filing of their "Verified Complaint to Quiet Title; Restrain Trustee's Sale for Breach of Statutory and Contractual Obligations; and Injunctive Relief" (the "Verified Complaint").

2. On July 30, 2013, Plaintiffs also filed an "Arbitration Certificate," "Notice of *Lis Pendens*" and proposed "Order to Show Cause Re: Preliminary Injunction" in the State Court Action.

3. On or about July 30, 2013, Defendants were served with the Verified Complaint. Defendants have not yet appeared in the State Court Action.

4. On July 31, 2013, Plaintiffs filed a "Motion for Emergency Temporary Restraining Order - Without Notice" in the State Court Action, wherein Plaintiffs seek to restrain and enjoin Defendants from conducting a trustee's sale of the real property located at 3601 East Mountain View Road, Phoenix, AZ (the "Property").

5. On that same date, July 31, 2013, the court in the State Court Action issued an "Order to Show Cause Re: Preliminary Injunction and Temporary Restraining Order" whereby the court issued a temporary restraining order precluding Defendants from conducting a trustee's sale of the Property until further order of the court and setting an order to show cause hearing for August 8, 2013 at 10:00 a.m.

6. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.7, true and correct copies of all pleadings, orders and other documents filed in the State Court Action are attached hereto as **Exhibit 1**.

## BASIS FOR REMOVAL- DIVERSITY JURISDICTION

7. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Nationstar pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, Nationstar is not a citizen of the State of Arizona, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.  Upon information and belief, Plaintiffs are and have been natural persons residing within Maricopa County in the State of Arizona. *See, e.g.,* Verified Complaint, attached hereto at Ex. 1, at ¶ 1. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Plaintiffs are citizens of Arizona.

9.  Nationstar Mortgage LLC ("Nationstar") is a Delaware limited liability company. As a limited liability company, Nationstar is a citizen of every state of which its owners or members are citizens for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar has two members, Nationstar Sub1LLC and Nationstar Sub2 LLC. Both of Nationstar's members are Delaware limited liability companies that are completely owned by Nationstar Mortgage Holdings, Inc., a Delaware corporation. Nationstar Mortgage Holdings Inc.'s principal place of business is located at 350 Highland Drive, Lewisville, Texas. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Nationstar is a citizen of Delaware and Texas.

10. T.D. Service Company of Arizona is a California corporation, contrary to what the caption provides. *See* California Corporation Information Page, a true and correct copy of which is attached as **Exhibit 2**; Arizona Corporation Commission Corporate Inquiry Page, a true and correct copy of which is attached as **Exhibit 3**. T.D. Service Company of Arizona's principal place of business is located at 4000 West Metropolitan Drive, Suite 400, Orange, California. *See* Exs. 2 and 3. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), T.D. Service Company of Arizona is a citizen of California.

11. The citizenship of ABC Corporations, Limited Liability Companies, Limited Partnerships and Does 1 through 100 has no impact on whether complete diversity exists between Plaintiffs and Defendants. *See* 28 U.S.C. § 1441(a) ("the citizenship of Defendants sued under fictitious names shall be disregarded.")

12. While Defendants deny that Plaintiffs are entitled to any relief, the amount in controversy exceeds $75,000.00. Plaintiffs' Verified Complaint seeks an amount in

excess of $960,000, because, among other requests, they ask the court to (i) permanently preclude Defendants from ever conducting a trustee's sale of the Property; and (ii) declare void the deed of trust recorded against the Property securing a $960,000 loan obtained by Plaintiffs. *See, e.g.,* Verified Complaint, attached hereto at Ex. 1, at ¶¶ 8-9, 11, 21, 23, 28, 29; *see also* Deed of Trust, attached to the Verified Complaint at Exhibit B.. Plaintiffs go on to further ask in their prayer for relief that the Court declare that Defendants "have no estate or interest whatsoever in or to said subject real property, or in or to any part thereof" and that Defendant "be forever enjoined and barred from asserting any claim whatsoever in or to the subject property, or to any part thereof, adverse to Plaintiffs." *Id*. at 9:8-12. Given all of the foregoing, it is facially apparent from the Verified Complaint that the jurisdictional amount in controversy is met. *See, e.g., Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("[I]t is well established that the amount in controversy is measured by the object of the litigation."); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) ) (where complaint concerns real property whose value exceeds statutory minimum, the amount in controversy requirement is met); *Fromkin v. IndyMac Bank, FSB*, No. 10-CV-8014-PCT-PGR, 2010 WL 1381670 at *1 (D. Ariz. March 31, 2010) (where complaint concerns loan for more than $75,000, the amount in controversy requirement is met).

## NOTICE OF REMOVAL IS TIMELY

13. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants were only just served with the Verified Complaint on July 30, 2013, and Defendants are filing this Notice of Removal within one year of the commencement of this action. *See* Ex. 1.

. . . .

. . . . .

## PROPER FEDERAL FORUM

4

PHX 330853267v1

14.     Removal to this Arizona District Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the State Court Action was filed in Maricopa County, Arizona.

### NOTICE GIVEN

15.     Defendants certify that, pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.7(a), they are giving written Notice of Filing of Removal to all named parties to this suit and is filing a copy of this Notice of Removal with the Clerk of the Maricopa County Superior Court contemporaneously with the filing of this Notice of Removal.

### RULE 11 CERTIFICATION

16.     This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil procedure, in accordance with 28 U.S.C. § 1446(a) and LRCiv 3.7.

### ADDITIONAL BRIEFING

17.     If any question arises as to the propriety of this removal, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.  Defendants also reserve the right to supplement this Notice of Removal as appropriate.

### NON-WAIVER

18.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to Defendants.

WHEREFORE, Defendants remove the above-titled case from the Superior Court of Arizona to this Court.

1   DATED this 6th day of August, 2013.

2                               GREENBERG TRAURIG LLP

3
    By: */s/ Laura Sixkiller*
4          Laura Sixkiller
           Stacey Gottlieb
5          Attorneys for Defendants

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

6

PHX 330853267v1

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on August 6, 2013, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

☒ I hereby certify that on August 6, 2013, I served the attached document by e-mail and U.S. first class mail on the following, who are not registered participants of the CM/ECF System:

Marc A. Adair<br>
Adair Law Group, LLC<br>
2942 North 24th Street, Suite 114<br>
Phoenix, AZ  85016<br>
Email: marc_adair2000@yahoo.com<br>
*Attorney for Plaintiffs*

By: */s/ Carolyn Smith*
      Employee, Greenberg Traurig, LLP