Laura Sixkiller, SBN 022014; sixkillerl@gtlaw.com
Stacey Gottlieb, SBN 015084; gottliebs@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
*Attorneys for Defendants Nationstar Mortgage, LLC and T.D. Service Company of Arizona*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY N. GARDNER and RACHEL B. GARDNER, Husband and Wife;<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC and TD SERVICE COMPANY OF ARIZONA.<br><br>Defendants. | Case No. 2:13-cv-01641-HRH<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE JUDGMENT** |

When a party's counsel makes poor litigation decisions that lead to dismissal of the litigant's claims with prejudice, the law does not allow that party to escape the binding effect of the Court's judgment merely because the party wishes his or her lawyer had proceeded differently. Yet, that is precisely what Plaintiffs Jay and Rachel Gardner have asked the Court to do in their Motion to Vacate Judgment. Dkt. 18. This Court properly dismissed Plaintiffs' claims with prejudice ***on the merits*** and entered judgment accordingly because Plaintiffs' Complaint failed to state any claim for which relief could be granted as a matter of law and amendment would have been futile.[1] *See* Dkts. 14-15. Plaintiffs' counsel admitted as much when he informed them that he had not researched federal law before filing their Complaint, but realized after *later* research that the District Court "is not receptive to the types of claims he had alleged" on their behalf. *See* Dkt. 18, Exhibit A at ¶ 17. That Plaintiffs now wish they had chosen different counsel or regret that their former lawyer

---

[1] The Complaint is attached to the Notice of Removal (Dkt. 1) as Exhibit 1. It is sometimes referred to as the "Complaint" or the "First Complaint," and the action is sometimes referred to as the "First Lawsuit."

admitted that he filed claims that were not cognizable as a matter of law is wholly insufficient to give them a legal "do-over" under Rule 60(b)(6), Fed. R. Civ. P.  Therefore, Defendants Nationstar Mortgage LLC ("Nationstar") and TD Service Company of Arizona ("TD," and collectively with Nationstar, the "Defendants") respectfully request that this Court deny Plaintiffs' Motion to Vacate Judgment and affirm its order and judgment of dismissal with prejudice (Dkts. 14-15).

## MEMORANDUM OF POINTS AND AUTHORITIES

### RELEVANT FACTUAL BACKGROUND

Plaintiffs' Complaint was a last-ditch effort to avoid a rightfully noticed trustee's sale of property located at 3601 East Mountain View Road, Phoenix, Arizona 85028 (the "Property") following their default on their mortgage loan.  Plaintiffs wanted the Court to strip the Property of the Deed of Trust and to forever bar Defendants from asserting any claim in or to the Property.  *See* Dkt. 1 at Exhibit 1 (Complaint at ¶¶ 11, 21, 28 and Prayer for Relief at p. 9). Defendants timely removed the action from Maricopa County Superior Court to District Court on August 7, 2013.  *See* Dkt. 1.  Defendants then moved to dismiss Plaintiffs' Complaint because it asserted theories that this Court has repeatedly rejected as a matter of law and because amendment would have been futile.  *See* Dkt. 10.  This Court agreed.  *See* Dkt. 14.

This Court, after considering the nature, substance and basis of Plaintiffs' allegations in the context of the law, entered an order dismissing Plaintiffs' claims ***on the merits***, with prejudice, on September 26, 2013.  *See* Dkt. 14.  The Court reasoned:

> Because defendants seek a dismissal without leave to amend, and with prejudice, the court has reviewed the substance of defendants' motion to dismiss. For the reasons, upon the authorities, and upon the facts alleged by plaintiffs, as well as the exhibits provided by defendants which are necessarily implicated in the details of plaintiffs' complaint, the court has satisfied itself that there is no possibility of plaintiffs stating a quiet title, or breach of trustee's sale duties and obligations, nor could plaintiffs plausibly be entitled to injunctive relief. On the facts and law of this case, any attempt at amending plaintiffs' complaint would be futile.

Dkt. 14 at 2.  The Court entered the Judgment accordingly.  Dkt. 15.

2

On November 27, 2013, Plaintiffs, through their same counsel, Mark Adair, filed a second action in Maricopa County Superior Court arising from the same facts and events as their First Complaint (the "Second" Complaint or Lawsuit). Defendants, after receiving service on December 2, 2013, promptly removed the Second Lawsuit to federal court on December 4, 2013, and it was assigned to Judge Bolton. *See* Arizona District Court Case No. 2:13-cv-02478-SRB at SRB-Dkt. 1.[2] Despite cosmetic changes, which included the addition of Nationstar's privy, U.S. Bank, NA as Trustee of the Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-15N, as a defendant and dropping TD Service Company as a party, the nature of the claims in the Second lawsuit was no different than the First. *Id.* Therefore, on December 30, 2013, Defendants moved to dismiss Plaintiffs' Second Complaint on the same grounds presented to this Court and also argued that Plaintiffs' claims were barred as *res judicata* based on this Court's previous dismissal with prejudice. *See* SRB-Dkt. 8.

Plaintiffs, through Mr. Adair, filed a Response in Opposition to Defendants' Motion to Dismiss their Second Complaint. SRB-Dkt. 4. *See also* Dkt. 18 at 5 (admitting that Mr. Adair filed SRB-Dkt. 4). Plaintiffs argued the merits of their claims, as well as their defenses to *res judicata*. *Id.* Defendants filed their Reply, again addressing the fatal flaws of Plaintiffs' claims. Judge Bolton, considering the entirety of both records before her, dismissed the Second Complaint and entered judgment in Defendants' favor. *See* SRB-Dkts. 17-18.

Plaintiffs, unhappy with the decisions of both District Court judges who have considered their pleadings, now seek to evade the First Judgment (Dkt. 15).[3] They now claim for the first time that their former attorney, Mark Adair, "abandoned" them and thus was grossly negligent. Dkt. 18. They did not argue abandonment or gross negligence, however, when they first had the chance to do so in their Response to the Motion to Dismiss

---

[2] Hereafter, references to filings in Arizona District Court Case No. 2:13-cv-01641-HRH (the "First" Lawsuit) will continue to appear as "Dkt" and filings in Case No. No. 2:13-cv-02478-SRB (the "Second Lawsuit") appear as "SRB-Dkt."

[3] Presumably, Plaintiffs would seek to use a vacatur in this matter as a means to unwind the Second Judgment, but neither judgment should be vacated for the reasons set forth below.

their Second lawsuit. *See* SRB-Dkt. 8. Nor could they have done so credibly in light of the fact that Mr. Adair not only filed the Second Complaint on their behalf, but also filed a Response to the Motion to Dismiss, wherein he had every opportunity to address any basis for avoiding the *res judicata* effect of this Court's earlier judgment. *Id.*

Plaintiffs have not filed a notice of appeal of either of the judgments issued in the First or Second Lawsuits.

**ARGUMENT**

**I.     This Court Properly Dismissed The First Action On Its Merits With Prejudice.**

Plaintiffs contend that this Court sanctioned them with the penalty of dismissal, but this Court's dismissal order belies their argument. This Court dismissed Plaintiffs' First lawsuit on its merits, not as punishment for their failure to respond to Defendants' Motion to Dismiss. The dismissal order expressly states that this Court rejected Plaintiffs' claims only after considering the "substance of defendants' motion to dismiss" and "the facts alleged by plaintiffs, as well as the exhibits provided by defendants which are necessarily implicated in the details of plaintiffs' complaint." Dkt. 14. The Court concluded on the merits that dismissal with prejudice was appropriate because "there [wa]s no possibility of plaintiffs stating a quiet title, or breach of trustee's sale duties and obligations, nor could plaintiffs plausibly be entitled to injunctive relief. On the facts and law of this case, any attempt at amending plaintiffs' complaint would be futile." *Id.* Thus, the Court ordered dismissal based on its reasonable determination that their claims were fatally flawed as a matter of law and could not be saved by amendment.

Ignoring this, Plaintiffs argue that this Court abused its discretion not considering the five-factor test that the Ninth Circuit requires before penalizing a plaintiff with dismissal as a sanction. *See* Dkt. 18 at 6:16-18; 7:1-2, citing *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998). Not so. Because the Court dismissed Plaintiffs' claims on the merits and not as a penalty, it was under no obligation to address the *Hernandez* factors here.

The *Hernandez* penalty factors do not apply where, as here, dismissal with prejudice is based on the merits and is not a ***sanction***. The court in *Hernandez* applied the test announced

4

in *Henderson v. Duncan,* 779 F.2d 1421 , 1423 (9th Cir. 1986), which "set forth five-factors for a district court to consider before resorting to the **penalty of dismissal**: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" 138 F.3d at 399 (emphasis added).

Here, the Court determined based on the judicial admissions and facts that Plaintiffs pled in their First Complaint that they had not stated any cognizable claim for which relief could be granted, even if given the opportunity to amend their pleading. This was a merits-based decision, not a penalty. Plaintiffs' reliance on *Hernandez* is misplaced.

*Hernandez* is not the only inapposite case upon which Plaintiffs rely. All of the cases that Plaintiffs cite for the proposition that this Court abused its discretion are inapplicable because they involved dismissal as a **penalty without deciding the merits**. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court dismissed pro se litigant's complaint as a **penalty** for failure to comply with its orders requiring amendment of the caption to the complaint and to add a party, not on the merits); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (upholding district court's entry of default judgment as a **sanction** for discovery abuses, not on the merits, where party's failure to appear at depositions and failure to produce requested documents gave rise to an inference that plaintiffs could prove their claims); *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (district court dismissed claims as **sanction** for failure to follow its pretrial order, but did not decide claims on the merits); *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir. 1983) (upholding district court's dismissal of a complaint as a **sanction** for plaintiff's false denials of rebating and its failure to comply with the court's discovery orders); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983) (district court dismissed plaintiff's claims **solely as penalty** for failure to prosecute, without addressing the merits); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (upholding dismissal for failure to prosecute as penalty, without decision on merits); *Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275 (9th Cir. 1980) (same); *Citizens Utilities Co. v. American Telephone & Telegraph Co.*, 595 F.2d

1171, 1174 (9th Cir. 1979), *cert. denied*, 444 U.S. 931 (1979) (same). Plaintiffs' reliance on the foregoing authorities is simply inapplicable where, as here, the Court based its order of dismissal with prejudice ***based on the substance of the claims***.

Plaintiffs have not cited any authority for the proposition that the Court's disposition of the matter constitutes a ***sanction***, notwithstanding the Court's express language that the decision was on the merits. Implicit in Plaintiffs' argument is the contention that this Court penalized them by proceeding to rule on the Motion to Dismiss when they failed to respond to the Motion to Dismiss. But, ruling on an unanswered motion does not constitute a penalty; nor does it eviscerate the merits component of the Court's decision. Rather, when a party's lawyer fails to oppose a motion by the deadline and the court considers the substance of the arguments, the party is not deprived of "the opportunity to present his case on the merits." *Reynolds v. Lomas*, 554 F. App'x 548 (9th Cir. 2014), citing *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1172 (9th Cir. 2002). The fact that this Court decided the Motion to Dismiss when Plaintiffs failed to meet their extended response deadline does not nullify the Court's merits-based ruling or transmute it into a sanction.

If this Court had intended to sanction the Plaintiffs, surely it would have said so in its order. But, it did no such thing. Rather, after considering the law and carefully applying it to the facts and exhibits attached to the Complaint, this Court found that there was "no possibility" that Plaintiffs could state a cognizable claim for relief. It then dismissed their claims with prejudice based on the doctrine of futility. That Plaintiffs do not like this Court's decision does not magically convert it into a "sanction" or "penalty" against them. As such, this Court had no duty to address the five *Hernandez* penalty factors before entering its order of dismissal with prejudice.[4]

---

[4] Even if it were required to do so, the *Hernandez* factors are satisfied here: (1) The public's interest in expeditious resolution of litigation weighs in favor of disallowing litigants like Plaintiffs from pursuing futile claims, especially where their counsel admitted that the claims are not cognizable in this District; (2) The court's need to manage its docket also weighs in favor of dismissal with prejudice where, as here, the claims are futile on their merits and could not be saved by amendment; (3) The risk of prejudice to the defendants weighs in favor of dismissal with prejudice because if plaintiffs were allowed to amend futile complaints, they would do so continuously just to keep their claims alive as a method of preventing Defendants from exercising their legal rights to non-judicial

Moreover, even if Plaintiffs had been granted leave to amend, the record in the Second Lawsuit shows that this Court's finding of futility was appropriate. Plaintiffs, ignoring this Court's order, took a second bite at the apple by filing an amended version of their Complaint in the Second Lawsuit, which was assigned to a different judge. *Cf.,* Dkt. 1 at Exhibit 1 *with* SRB-Dkt. 1 at Exhibit 1. The Second Complaint suffered from all of the same incurable infirmities that this Court recognized in the First Complaint, as explained in the Motion to Dismiss that Defendants presented to Judge Bolton. *See* SRB-Dkt. 8, incorporated by reference as if fully set forth herein.

This Court's finding of futility hit the bull's-eye, and there is no basis for affording Plaintiffs yet a third bite at the apple. Any request to vacate the judgment to amend the Complaint should, therefore, be denied.

## II. Plaintiffs Have Not Established Grounds to Vacate This Court's Judgment Under Rule 60(b)(6).

Rule 60(b), Fed. R. Civ. P. provides "Grounds for Relief from a Final Judgment, Order, or Proceeding" as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*Id.*

---

foreclosure, and impairment of legal rights without justification constitutes prejudice to Defendants; (4) The public policy favoring disposition of cases on their merits has been met here, where the Court dismissed Plaintiffs' claims on the merits; and (5) The availability of less drastic sanctions is inapposite because this Court did not order dismissal as a "sanction," but did so based on its determination that the claims were futile and not salvageable by amendment.

7

Here, Plaintiffs request relief only under subsection 60(b)(6). They base their request on the fact that their attorney failed to respond to the First Motion to Dismiss. However, as a matter of law, missing a deadline is not "gross negligence" that could justify setting aside this Court's judgment.

A party seeking relief under Rule 60(b)(6) has a heavy burden to establish "extraordinary circumstances." *Delay v. Gordon,* 475 F.3d 1039, 1044 (9th Cir. 2007). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). A party seeking to re-open a case under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty Dental,* 282 F.3d at 1168. An attorney's conduct may amount to extraordinary circumstances only if he acts in a way that is deemed *grossly negligent. See id.* at 1169. However, Rule 60(b)(6) "relief may not be had where the party seeking reconsideration has ignored normal legal recourses." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (citations and internal quotation marks omitted).

Matters that constitute "ordinary" neglect under Rule 60(b)(1), such as missing properly noticed deadlines, do not constitute "gross" neglect under Rule 60(b)(6) as a matter of law. This is so even if the ordinary neglect was not "excusable" for purposes of relief from judgment. Thus, Rule 60(b)(6) applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental,* 282 F.3d at 1168 n.8. "The long-standing rule in this circuit is that, clause (6) and the preceding clauses are **mutually exclusive**; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088-89 (9th Cir. 2001) (emphasis added) (citations and internal quotation marks omitted). Here, Mr. Adair's poor strategy decisions, failure to research his client's claims before filing the First Complaint, and decision not to respond to the First Motion to Dismiss constitute "ordinary" (albeit potentially

inexcusable) negligence for which no relief may be had under Rule 60(b)(6).

### A. Ordinary Neglect and Bad Decisions By Plaintiffs' Counsel Do Not Satisfy Rule 60's Extraordinary Circumstances Requirement.

Even if Plaintiffs' counsel was careless in failing to properly research his clients' claims before filing the First Complaint or missing the response deadline to the First Motion to Dismiss, his negligence was "ordinary" and not "gross" for purposes of Rule 60, Fed. R. Civ. P.. "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment" under Rule 60. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). A lawyer's failure to assert a claim or defense on behalf of a client "does not ... constitute such gross negligence or exceptional circumstances so as to justify the extraordinary relief available pursuant to Rule 60(b)[(6)]." *Reynolds*, 554 Fed. Appx. at 549 (brackets in original), citing *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn,* 139 F.3d 664, 666 (9th Cir. 1998).

Moreover, such "[e]rrors resulting from a lawyer's ignorance, carelessness, or intentional misconduct are not the sort of 'mistakes' envisioned by Rule 60(b)(1), but are 'more appropriately addressed through malpractice claims.'" *Reynolds*, 554 Fed. Appx. at 548, citing *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1101 (9th Cir. 2006). Thus, Plaintiffs' are bound by the strategy decisions and mistakes of their lawyer.

Moreover, the ordinary negligence of Plaintiffs' counsel does not constitute "excusable" mistake or neglect for purposes of evading judgment under Rule 60(b)(1). *See, e.g., Engleson v. Burlington Northern R. Co.,* 972 F.2d 1038, 1043-44 (9th Cir. 1992), citing *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 607 (7th Cir. 1986) (neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief from judgment); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (attorney's failure to follow ordinary court procedure and rules was not excusable inadvertence or neglect under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir. 1971), *cert. denied,* 405 U.S. 974 (1972) (petitioner's failure to appeal the dismissal of the action was due to his lack of diligence and was not "excusable neglect" under Rule 60(b)); *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990) (if

failure to submit evidentiary materials is solely due to attorney's carelessness, then it would be an abuse of discretion for the court to grant Rule 60(b) relief); *United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir. 1971), *cert. denied, Horvath v. United States,* 404 U.S. 849 (1971) (failure to oppose entry of judgment was due to defense counsel's ignorance of the effect of the statute and was not "excusable neglect"); *Lomas and Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir. 1989) (district court would abuse its discretion in granting Rule 60(b) relief on the basis of an attorney's negligent mistake); *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1101 (9th Cir. 2005) (mistakes or misconduct of a plaintiff or his counsel are "more appropriately addressed through malpractice claims" than under Fed. R. Civ. P. 60(b)(1)); *Allmerica*, 139 F.3d at 666 (no excusable neglect where attorney failed to plead an affirmative defense); *Casey v. Albertson's Inc.,* 362 F.3d at 1260 (no excusable neglect where attorney was inexperienced and failed to respond to requests for admission or attend a summary judgment hearing);*Warrick v. Birdsell,* 278 B.R. 182, 186–87 (9th Cir. BAP 2002) (no excusable neglect where attorney failed to understand and apply non-ambiguous rules regarding time to file an appeal).

At most, Plaintiffs' counsel's missing a deadline constitutes "ordinary" negligence even if he did not communicate his failings to his clients. *See, e.g., DeRienzo v. Yavapai Cnty*., CIV 05-3088-PCT-SMM, 2007 WL 1890540, *3 (D. Ariz. June 29, 2007) (finding no excusable neglect and no gross neglect as basis for Rule 60(b)(6) relief, where staff member employed by plaintiff's attorney failed to file an amended complaint before the expiration of the court ordered deadline and then moved to Washington without notifying anyone in the office that she had missed the filing).

As a matter of law, Plaintiffs cannot claim excusable neglect at this late stage since they did not raise it in their Motion to Vacate. But, even if they had done so, there is no basis for Rule 60(b)(1) relief based on counsel's failure to respond to the Motion to Dismiss. Further, even if their counsel had committed excusable neglect (and he did not), Plaintiffs may not rely upon such conduct as a basis for relief from judgment under Rule 60(b)(6) because the two provisions of the rule are mutually exclusive. In sum, the

purported neglect is "ordinary" at worst and thus does not qualify as a basis for vacating judgment under Rule 60(b)(6)'s "extraordinary" and "gross" negligence standards.

### B.   Plaintiffs' Counsel Did Not "Abandon" Them As A Matter Of Law.

Plaintiffs also have failed to establish that Mr. Adair "virtually abandon[ed]" his representation of them as a matter of law and thus cannot establish "gross negligence" for purposes of Rule 60(b)(6). Plaintiffs' own filings and judicial admissions preclude any such finding. Plaintiffs have admitted, for example, that they received a copy of the Motion to Dismiss within five business days of its filing. *See* Dkt. 18, Exhibit A at ¶ 9 (Motion to Dismiss filed August 28 and Plaintiffs received copy in mail by September 5, 2013). In addition, Plaintiffs admit that Mr. Gardner spoke to Mr. Adair about the Motion to Dismiss on September 9, 2014. *Id.* at ¶¶ 9-10. Plaintiffs also received a text message from Mr. Adair on September 26, 2013, regarding postponement of the trustee's sale. *Id.* at ¶ 12. Plaintiffs further admit that Mr. Adair met with them on November 18, 2013, after this Court dismissed their Complaint (*Id.* at ¶ 14), and explained that:

> he had spent the last 5 weeks reading the cases cited by the Defendants in their Motion to Dismiss, as well as every single other case from Arizona courts, addressing every single cause of action. What he learned … was that the Arizona District Court is not receptive to the types of claims he had alleged on [Plaintiffs'] behalf. Mr. Adair stated that the District Court has not extended the law on these types of claims the way state law has.

*Id.* at ¶ 17.

Mis-calendaring a deadline is "ordinary" negligence at most. And, even if Mr. Adair had not mis-calendared the response deadline as he told Plaintiffs (*Id.* at ¶ 16), he would have had no basis under Rule 11, Fed. R. Civ. P., for opposing dismissal considering the fact that his late research confirmed that this Court would not recognize the validity of Plaintiffs' claims.

Plaintiffs' argument that Mr. Adair should have filed a motion for relief in this Court, rather than filing a new lawsuit, is likewise unavailing. As a matter of law, an attorney's inexperience, poor litigation decisions, mistakes of law, or alleged malpractice do not constitute excusable neglect. *Allmerica*, 139 F.3d at 666 (no excusable neglect where

attorney failed to plead an affirmative defense); *see also* cases cited in Section IIA, *supra*. The general rule is that "[a]n attorney's actions are chargeable to his or her client and ordinarily do not constitute extraordinary circumstances to warrant relief under FRCP 60(b)(6)." *In re Guzman*, BAP.CC-10-1013-HDMK, 2010 WL 6259994, *10 (B.A.P. 9th Cir. Sept. 20, 2010). An exception to this rule is created "***only*** where an attorney's negligence is 'so gross that it is inexcusable,' resulting in a 'virtual abandonment' of the client." *Id.* (emphasis added), citing *Cmty. Dental,* 282 F.3d at 1170–71 (attorney disregarded court orders to proceed with client's defense); *Lal v. Calif.,* 610 F.3d 518 (9th Cir. 2010) (attorney deliberately misled clients and failed to proceed with client's case despite court orders to do so).

Moreover, "virtual abandonment" does not occur where, as here, a party has admitted continued communications with counsel about the case, including discussions about what would be done in response to a missed deadline. The court in *In re Guzman* determined, for example, that missing deadlines and failing to communicate with the client was "not so extraordinary to rise to the level of virtual abandonment warranting the exception" to the general rule that the client is charged with the conduct of his counsel. *In re Guzman*, 2010 WL 6259994 at *10. Because any mishandling of the *Guzman* case was not "extraordinary," the court held that there was no basis for vacating the judgment pursuant to Rule 60(b)(6). *Id.* Further, the court found that because counsel's "ordinary" neglect was not excusable under Rule 60(b)(1) and 60(b)6) did not apply, the trial court properly refused to vacate its judgment. *Id. See also DeRienzo v. Yavapai Cnty.*, 2007 WL 1890540 at *3-4 (denying motion to vacate judgment under Rule 60(b)((6), finding that there was no "virtual abandonment" or "gross negligence" even though lawyer was unavailable to properly supervise staff and senior staff member moved out of state without filing critical document and without informing anyone of missed deadline).

Plaintiffs cannot establish "gross negligence" by their empty assertion that Mr. Adair purportedly "abandoned" them. Mr. Adair's filing of a second lawsuit arising from the same facts and transactions, against one of the same defendants and its privy, shows that

Mr. Adair did not abandon Plaintiffs as they now contend. Any assertion that Mr. Adair failed to appreciate or communicate the potential *res judicata* effect of a second lawsuit does not constitute "abandonment" or gross negligence for purposes of Rule 60(b)(6). While Plaintiffs' new counsel may have elected a different strategy and may be critical of Mr. Adair's substantive performance, that does not establish a basis for vacating the judgment. Their remedy, if any, is through a malpractice lawsuit.

Even if counsel were grossly negligent, Rule 60(b)(6) does not afford relief outside the context of a default judgment. There is no default judgment in this case because the order of dismissal was based on the merits. *See, e.g. Hoffman v. Impact Confections, Inc.*, 06CV00489 BTM (NLS), 2008 WL 5068930 (S.D. Cal. Nov. 26, 2008) *aff'd,* 369 F. App'x 823 (9th Cir. 2010) ("The judgment in this case was not a default judgment. Therefore, *Tani* is inapposite, and Plaintiff is not entitled to relief based on any gross negligence on the part of his counsel.").

### C. Plaintiffs Are Not Entitled to Reconsideration of The Court's Dismissal of their Claims on The Merits.

Plaintiffs are, in essence, seeking reconsideration of this Court's decision to dismiss their claims on the merits. Unlike the liberal amendment policies of Rule 15, in the post-judgment context the Court, in assessing a motion to vacate a judgment and permit an amended complaint, must take into consideration the competing interest of protecting the "finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2nd Cir. 1991) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1489, at 694 (1990). Plaintiffs' counsel did not move to amend the First Complaint, but instead made a tactical decision to file a second, separate lawsuit, which was also dismissed.

Plaintiffs are not entitled to reconsideration of this Court's order on the Motion to Dismiss their First Complaint. *See* L.R. 7.2(g). While a court has the discretion to reconsider its own prior ruling, "[m]otions for reconsideration are disfavored … and are not the place for parties to make new arguments not raised in their original briefs." *Motorola,*

*Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *Wassef v. JPMorgan Chase Bank, N.A.*, CV-12-02480-PHX-DGC, 2013 WL 2896853, *1 (D. Ariz. June 13, 2013). Nor may they be "used to ask the [c]ourt to rethink what it has already thought." *Motorola,* 215 F.R.D. at 582. Furthermore, Plaintiffs cannot raise new arguments for the first time in a motion for reconsideration.

Rather, motions for reconsideration may only be granted if one of the following circumstances is present:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration <u>could not have known</u> of the factual or legal differences <u>through reasonable diligence</u>;
> (2) There are new material facts that happened <u>after</u> the Court's decision;
> (3) There has been a change in the law that was decided or enacted <u>after</u> the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola,* 215 F.R.D. at 586.

Plaintiffs do not contend that any of the above circumstances exist here, and they have not made any showing that they could cure the defects of their First or Second Complaints by amendment.[5] Because this Court properly found that amendment would be futile, it would be improper to vacate judgment to permit Plaintiffs yet another bite at the apple. The Court in *Wassef* was faced with similar circumstances and held that reconsideration was improper because even if leave to amend had been granted, it would not have changed the outcome. 2013 WL 2896853 at *4. Here, as in *Wassef*, Plaintiffs have made no showing that they "could cure the defects through amendment." *Id.* Likewise, they have not "provided any evidence in their documents supporting reconsideration that supports the finding of valid consideration" and have not "propose[d] an amendment that would alter the outcome of the case." *Id.* Accordingly, reconsideration and amendment were denied as improper. *Id.* This case warrants the same result.

---

[5] To the extent that Plaintiffs' Motion is deemed one for reconsideration, it is untimely pursuant to L.R.Civ. 7.2(g)(2), which requires that motions for reconsideration be filed within fourteen (14) days after the date of the filing of the order that is the subject of the motion.

### III. Plaintiffs' Allegations of Gross Negligence Are *Res Judicata* and Barred by The Second Judgment.

Even if reconsideration were otherwise proper (and it is not), Plaintiffs have already taken a "second bite" at the apple by filing their Second Lawsuit, albeit without this Court's leave to do so. Now, post-dismissal, Plaintiffs ask the Court to give them yet a ***third bite at the apple*** because the counsel's initial strategies failed. Plaintiffs offer nothing, however, that would justify the Court reversing its reasoned conclusion that amendment would be futile. Nor have Plaintiffs offered any basis for avoiding the *res judicata* effect of Judge Bolton's judgment dismissing their claims in the Second Lawsuit.

Judge Bolton dismissed Plaintiffs' Second Complaint, finding that the claims were *res judicata* based on this Court's earlier judgment. *See* SRB-DKT-17. The judgment in the Second Lawsuit was on the merits and carries its own *res judicata* effect. *See* SRB-DKT-18. Therefore, Plaintiffs are not only barred from asking this Court to reconsider arguments made to Judge Bolton, but are barred by the doctrine of *res judicata* from making any new argument that they could have raised in their First or Second Lawsuits.

Rule 41(b), Fed. R. Civ. P., provides in pertinent part:

> Involuntary Dismissal; Effect. …Unless the dismissal order states otherwise, … any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. Thus, "[A] in involuntary dismissal operates as an adjudication upon the merits unless the court in its order for dismissal otherwise specifies." 47 Am. Jur. 2d Judgments § 556.

A *res judicata* objection based on a prior proceeding "is a legal defense that, in turn, is a component of the dispute on the merits …." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (citations omitted). Because Judge Bolton had to consider the merits of both the First and Second Lawsuits to determine whether *res judicata* applied, her judgment in the Second Lawsuit has *res judicata* effect. *Res judicata* thus bars re-opening the instant case.

1    Claim preclusion, a species of *res judicata*, bars any "lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1173-74 (9th Cir. 2004) (citations omitted). Claim preclusion applies where, as here, "there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (quoting *Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "Res judicata or claim preclusion bars a subsequent action 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352, (1877); *Desire v. Mukasey*, CV 08-1329-PHX-SRB, 2010 WL 5345349 (D. Ariz. Dec. 23, 2010).

All three prongs of the claim preclusion test are met here. As Judge Bolton concluded, there is an identity of claims between Plaintiffs' First Complaint and their Second Complaint because all of the claims in the Second Lawsuit could have been decided in the First Lawsuit.

The second factor of the claim preclusion test, final judgment on the merits, is also met here. Plaintiffs filed a response to the Motion to Dismiss the Second Complaint. Judge Bolton's order dismissing the Second Complaint constitutes a final order on the merits for purposes of claim preclusion. *See, e.g., Agee v. California Med. Bd.*, 168 F. App'x 248, 249 (9th Cir. 2006) (order of dismissal was a final adjudication on the merits under Fed. R. Civ. P. 41(b) and for purposes of *res judicata* even where plaintiff failed to file an opposition to a motion to dismiss); *Gilbert v. Maricopa Cnty. Superior Court Dep't of Juvenile Prob. (Arizona)*, CV-10-919-PHX-GMS, 2011 WL 251463, *3 (D. Ariz. Jan. 25, 2011) (finding that prior order of dismissal with prejudice based on futility of amendment satisfies the final judgment test for purposes of claim preclusion).

The third prong of the claim preclusion test is met because, as Judge Bolton concluded, the defendant in the Second Lawsuit, U.S. Bank, is Nationstar's privy. Nationstar was a defendant in both actions. *See* SRB-Dkt. 17 at 3-4.

Where, as here, all factors of claim preclusion test have been met, the doctrine of r*es judicata* bars any "lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original, citations omitted). Plaintiffs have not demonstrated that they have *any* claims against Nationstar or its privies that could not have been raised in their earlier Complaints.

*Res judicata* is intended to protect "litigants from the burden of relitigating an identical issue" and promote "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979). That Plaintiffs are unhappy with this Court's decision, Judge Bolton's decision and the performance of their first lawyer does not entitle them to a "do-over" of their Lawsuits, which will squander precious judicial and litigation resources.

## CONCLUSION

Plaintiffs have already had two bites at the apple and are not entitled to a third. They have not demonstrated the required "extraordinary" grounds for relief under Fed. R. Civ. P. 60(b)(6) (or any other subjection of the Rule, which have not been alleged). Plaintiffs' effort to vacate this Court's final, merits-based judgment is not only an improper request for reconsideration of its own ruling, but also an improper collateral attack on Judge Bolton's final judgment dismissing the Second Lawsuit.

For all of the foregoing reasons, this Court should deny Plaintiffs' Motion to Vacate Judgment and award Defendants their attorneys' fees and costs incurred in connection with defending this matter.

DATED this 26th day of June, 2014.

GREENBERG TRAURIG LLP

By: */s/ Stacey F. Gottlieb*
    Laura Sixkiller
    Stacey Gottlieb
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on June 26, 2014, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

Barbara J. Forde
Barbara J. Forde, P.C.
20247 N. 86th Street
Scottsdale, AZ 85255
Email: barbarajforde@gmail.com
*Attorney for Plaintiffs*

☐ I hereby certify that on June 26, 2014, I served the attached document by e-mail and U.S. first class mail on the following, who are not registered participants of the CM/ECF System: N/A

By: */s/     Linda Bullis*
Employee, Greenberg Traurig, LLP