**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY N. GARDNER and RACHEL B. GARDNER,<br><br>                      Plaintiffs,<br><br>  vs.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>                      Defendants.<br>_____<br>JAY N. GARDNER and RACHEL B. GARDNER,<br><br>                      Plaintiffs,<br><br>  vs.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>                      Defendants.<br>_____ | No. 2:13-cv-1641-HRH<br>[Consolidated with<br>No. 2:13-cv-2478-HRH] |

O R D E R

Motion to Strike Fourth Amended Complaint[1]

Defendants Nationstar, T.D. Service Company, and U.S. Bank move to strike plaintiffs' fourth amended complaint in its entirety or, in the alternative, defendants seek

---

[1]Docket No. 88.

Order – Motion to Strike Fourth Amended Complaint      - 1 -

an order striking unauthorized amendments contained in the fourth amended complaint. The motion is brought pursuant to Rules 12(f) and 15(a)(2), Federal Rules of Civil Procedure, and Arizona Local Civil Rules 7.2 and 15.1(a) and (b).  The motion is opposed by plaintiffs.[2]

In connection with the rather complex consolidation of the -1641 case with No. 2:13-cv-2478, <u>Gardner v. Nationstar Mortgage, LLC</u>, the court granted plaintiff leave to file a fourth amended complaint.[3]

Defendants contend that plaintiffs failed to employ the case caption which the court had used in authorizing a fourth amended complaint, and that a number of other modifications were made to the proposed fourth amended complaint[4] without leave of court to effect those modifications.  Plaintiffs concede that their fourth amended complaint as filed[5] contained modifications of their proposed fourth amended complaint.

Rule 12(f), Federal Rules of Civil Procedure, makes provision for motions to strike.  The court is authorized by this rule to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The modifications which plaintiffs made before filing their fourth amended complaint did not include any of the type of material covered by Rule 12(f).

Rule 15(a)(2) provides that, in the situation under consideration, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiffs did not have defendants' consent, nor did plaintiffs seek leave of court to modify the proposed fourth amended complaint.  However, Rule 15(a)(2) goes on to provide that "[t]he court should freely give leave when justice so requires."

---

[2]Docket No. 95.

[3]Docket No. 71.

[4]Docket No. 68-1.

[5]Docket No. 82.

Local Civil Rule 7.2(m)(1) also addresses motions to strike, and is somewhat broader than the parallel federal rule. The local rule provides that a motion to strike may be make if "any part of a filing ... is prohibited (or not authorized) by a statute, rule, or court order." In this case, the court's order authorizing the filing of a fourth amended complaint contemplated that the fourth amended complaint would be filed as proposed.[6]

The moving defendants contend that plaintiffs employed an expanded case caption rather than the abbreviated one employed by the court in authorizing a fourth amended complaint. Defendants do not contest the accuracy of plaintiffs' case caption. This objection to the fourth amended complaint is frivolous.

It is the court's perception that the changes made by plaintiffs to their proposed fourth amended complaint do not substantially alter plaintiffs' claims, and in some instances address changes in facts occurring between preparation of the proposed fourth amended complaint and the filing of the fourth amended complaint. The modifications have more to do with AMSL than the moving defendants. The moving defendants suggest that they are surprised by the modification to the proposed fourth amended complaint, but they have demonstrated no prejudice.

The court considers the lack of prejudice in connection with this motion for two reasons. First, the court has an obligation under Rule 1 to facilitate the just, speedy, and inexpensive determination of cases. The instant motion to strike has not been shown to advance the case in any respect. Second, Rule 15(a)(2), while limiting the availability of amendments procedurally, clearly signals that leave to amend should be freely given. It would have been far better had plaintiffs discussed in advance with defendants the need for some modifications to the proposed fourth amended complaint or, absent an agreement, sought leave of court.

---

[6]Moreover, plaintiffs' filing of a modified fourth amended complaint in substance side-stepped the procedures set out in Local Civil Rule 15.1(a).

Order – Motion to Strike Fourth Amended Complaint                                                  - 3 -

Technically, the fourth amended complaint as filed does not comport with the court's order authorizing a fourth amended complaint.  But in furtherance of Rule 1, and in exercise of the court's case management authority under Rule 16, Federal Rules of Civil Procedure, the court will overlook plaintiffs' technical failure to adhere to Rule 15(a)(2).

The motion to strike is denied.

DATED at Anchorage, Alaska, this  7th  day of August, 2015.

/s/ H. Russel Holland
United States District Judge