Cameron G. LaDuke (028153)
claduke@lakeandcobb.com
LAKE & COBB, P.L.C.
1095 W. Rio Salado Pkwy., Suite 206
Tempe, Arizona  85281
(602) 523-3000 office
(602) 523-3001 fax
*Attorney for Starlet J. Japp, Clayton A. Goff, and AMSL Legal Group, LLP*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jay N. Gardner and Rachel B. Gardner, Husband and Wife,<br><br>  Plaintiffs,<br><br>v.<br><br>Nationstar Mortgage LLC, a Delaware Limited Liability Company; et al.,<br><br>  Defendants. | Case No. 2:13-cv-01641-HRH<br><br>[Consolidated with No. 2:13-cv-02478-HRH]<br><br>**AMSL LEGAL GROUP, LLP'S RESPONSE TO PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES** |

Plaintiffs request an award of attorneys' fees of $4,305 related to their Motion for Expenses and Attorneys' Fees Against Defendant AMSL Legal Group for Failure to Waive Service. Plaintiffs' request should be denied or reduced for the following reasons:

**1.  Rule 4(d) Permits Only the Recovery of Attorneys' Fees Incurred to File a Motion to Collect Service Expenses.**

Fed. R. Civ. P. 4(d)(2) (B) provides that Plaintiffs may only recover "reasonable expenses, including attorneys' fees, of **any motion** required to collect **those service expenses**." (emphasis added). This means that Plaintiffs cannot recover attorneys' fees incurred in

1

connection with any other activity, including inquiring into whether Defendant would waive service, arranging for formal service of Defendant, forwarding orders from the Court to Plaintiffs, or filing its application for fees. In *Fitzpatrick v. Fitzpatrick*, for example, the Eastern District of California refused to award expenses incurred to seek a waiver from the defendant because Rule 4(d) provides only for "expenses *later* incurred in making service" after waiver has already been sought. *Fitzpatrick*, No. 2:12-cv-2938 GEB AC PS, 2014 WL309491, at *2 (E.D. Cal. Jan. 28, 2014) (emphasis in original)).

The same literal and strict interpretation of Rule 4 should be applied here. The Rule provides only for fees incurred in connection with "any motion required to collect those service expenses." It says nothing about collecting fees incurred to request waiver, to arrange for service of process, to forward Court documents to the Plaintiffs, or to file an application for attorneys' fees. Thus, Plaintiffs should not recover fees for their time entries between May 12, 2015 and June 24, 2015 or between October 29, 2015 and October 31, 2015—a total of 5.7 hours— because Plaintiffs incurred those fees while engaging in activities other than preparing and filing their Motion for Expenses and Attorneys' Fees Against Defendant AMSL Legal Group for Failure to Waive Service (Doc 103). Plaintiffs' fee award should be denied or reduced by at least $1,995 ($350 multiplied by 5.7 hours).

**2.     The Time Spent by Plaintiffs to Prepare and File Their Motion for Expenses (Doc 103) is Unreasonable.**

Attorneys' fees are to be calculated using the lodestar method. *Skydive Arizona, Inc. v. Quattrochi*, No. CV 05-2656-PHX-MHM, 2011 WL1004945, at *2 (D. Ariz. Mar. 22, 2011). The lodestar method "is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Id.* (internal quotation marks omitted).

Plaintiffs state that they are entitled to attorneys' fees for 12.3 hours of time incurred to communicate with Defendant about requesting a waiver, effecting formal service, filing a

2

motion to collect the expenses incurred to serve Defendant, and to file an application for attorneys' fees. As stated above in Section 1, at least 5.7 of those hours are not recoverable under Rule 4. However, if the Court disagrees with Defendant's position stated above, then Plaintiffs' award must be reduced for spending an unreasonable amount of time on this matter. In *Ahern v. Northern Tech. Int'l Corp.*, for example, the Western District of New York determined that a plaintiff's request for payment of $1,845 for 16.2 hours of time to collect $50 of expenses under Rule 4 was inherently unreasonable. 206 F. Supp. 2d 418, 422 (W.D.N.Y. 2002); *see alo Skydive*, 2011 WL1004945 at *5 (explaining that "awards in similar cases" should be used to support or adjust a lodestar calculation). The *Ahern* court reduced the plaintiff's request for $1,845 in attorneys' fees to $80—effectively awarding plaintiff for a little less than **one hour** of time. 206 F. Supp. 2d at 422.[1]

Here, Plaintiffs' request for $4,305 for 12.3 hours of time to collect $570.50 is likewise inherently unreasonable. Plaintiffs' fee award must be reduced to be more proportionate to the award of expenses actually awarded. *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) ("The district court was not only free but obligated to consider 'the results obtained' by Morales, or 'the extent of his success'" (internal citations and brackets omitted)).

If the Court agrees with Defendant's position stated in Section 1 above, Plaintiffs still spent 6.6 hours (12.3 minus 5.7) to file a motion and reply to collect the expenses incurred to serve Defendant. This is also an inherently unreasonable amount of time to file such a motion. *See Ahern*, 206 F. Supp. 2d at 422 (reducing fee request for $1,845 to $80 to collect $50). Indeed, Plaintiffs' Motion for Expenses and Attorneys' Fees Against Defendant AMSL Legal Group for Failure to Waive Service (Doc 103) raised and discussed numerous issues that were

---

[1] The Plaintiff in *Ahern* requested $1,845 for 16.2 hours of time, which, if broken down, results in $113.88 per hour. Because Plaintiff was awarded only $80 in attorneys' fees, the court awarded attorneys' fees for only a little less than one hour of time.

1 irrelevant and immaterial to whether Defendant waived service of process. Plaintiffs could have
2 and should have spent much less than 6.6 hours to file a motion that only needed to prove that
3 Defendant did not agree to waive service. Such a simple issue should not have taken 6.6 hours
4 of research and writing.

Accordingly, irrespective of whether the Court agrees with Section 1 above, Plaintiffs'
request for fees must be reduced. As with the plaintiff in *Ahern*, Plaintiffs should not be awarded
for more than 1 or 2 hours of time, as that is ample time to research and write a motion to collect
expenses incurred to serve Defendant.

### 3.   Plaintiffs' Billing Rate is Unreasonable.

As stated above, attorneys' fees are to be calculated using the lodestar method. *Skydive Arizona, Inc. v. Quattrochi*, No. CV 05-2656-PHX-MHM, 2011 WL1004945, at *2 (D. Ariz. Mar. 22, 2011). The lodestar method "is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Id.* (internal quotation marks omitted).

Here, Plaintiffs' claim that their counsel's experience and expertise justify a billing rate of $350 per hour. However, according to Plaintiffs' Exhibit 2, which is an excerpt from the Arizona State Bar's Economics of Law Practice in Arizona, the average billing rate in Arizona for an attorney with 25 years or more of experience is only $320 per hour. [Doc 109-1, p. 9.] The median rate is $300 per hour. [*Id.*] *See Skydive*, 2011 WL1004945 at *3 (applying the **median rates** set forth in the Arizona State Bar's publication, Economics of Law Practice in Arizona, to establish a reasonable market rate).

Plaintiffs' counsel's alleged expertise does not justify bumping the mean or median rate to $350 per hour. Plaintiffs' counsel has only been practicing in foreclosure-related matters for the past five years, which hardly qualifies as sufficient time to be considered an expert in a particular specialty. [Doc 109, p. 3 (stating that Plaintiffs' counsel has been litigating foreclosure

**LAKE & COBB, P.L.C.**
1095 W. Rio Salado Pkwy., Ste. 206
Tempe, AZ 85281

4

matters since 2010).] Moreover, to the extent that the Court considers Plaintiffs' counsel as having expertise in foreclosure matters, Plaintiffs' billing rate must be reduced to account for the fact that Plaintiffs' counsel is a sole practitioner. As shown on Plaintiffs' Exhibit 2, the mean and median rates for sole practitioners are lower than that of attorneys' in larger firms. [Doc 109-1, p. 9.] *See Skydive*, 2011 WL1004945 at *3 (applying the median rates of attorneys "similarly situated" and in firms of the same size to establish a reasonable market rate).

Accordingly, Plaintiffs' claimed billable rate of $350 per hour is unreasonable. A reasonable rate would only be $300 per hour at most.

**4.   Conclusion.**

Plaintiffs' request for $4,305 in attorneys' fees must be denied or reduced. Plaintiffs are only entitled at most to be paid $300 per hour for 1 to 2 hours of time incurred to file a motion to collect expenses incurred to effect service on Defendant. Such a reduced award accounts for the language of Rule 4 that only permits recovery of fees incurred in connection with "any motion required to collect those service expenses." Such a reduced award accounts for eliminates the unreasonable amount of time Plaintiffs spent to file such a motion. Such a reduced award accounts for a more reasonable billing rate. And such an award is more proportionate to the amount of expenses ($575.50) awarded to Plaintiffs for service of Defendant.

DATED this 25th day of November, 2015.

          LAKE & COBB, P.L.C.

          /s/ Cameron G. LaDuke
          Cameron G. LaDuke
          Attorneys for Plaintiffs

LAKE & COBB, P.L.C.
1095 W. Rio Salado Pkwy., Ste. 206
Tempe, AZ 85281

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Barbara J. Forde
BARBARA J. FORDE, P.C.
20247 N. 86th St.
Scottsdale, AZ 85255
BarbaraJForde@gmail.com

Laura Sixkiller
Stacey Gottlieb
GREENBERG TRAURIG, LLP
2375 E. Camelback Rd., Ste. 700
Phoenix, AZ 85016
SixkillerL@gtlaw.com
GottliebS@gtlaw.com

By /s/ Cameron G. LaDuke