1

**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

2

3

4  Brian J. Schulman, SBN 015286; schulmanb@gtlaw.com
*Attorneys for Defendants Nationstar Mortgage, LLC, T.D.
Service Company of Arizona, and U.S. Bank, N.A., as Trustee*

5  *of the Lehman XS Trust Mortgage Pass-Through Certificates,
Series 2007-15N*

6

7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

8

9  JAY N. GARDNER and RACHEL B. GARDNER, Husband and Wife;

10                           Plaintiffs,

11       v.

12  NATIONSTAR MORTGAGE LLC, a Delaware Limited Liability Company; T.D. SERVICE

13  COMPANY OF ARIZONA, a California corporation; U.S. BANK, N.A., as TRUSTEE of the LEHMAN XS TRUST MORTGAGE PASS-

14  THROUGH CERTIFICATES, SERIES 2007-15N; STARLET J. JAPP, a member of the California

15  and Arizona State Bars; CLAYTON A. GOFF, a member of the Arizona, Texas, California and

16  Nevada State Bars; AMSL LEGAL GROUP, LLC, aka AMSL LEGAL GROUP, LLP, fka

17  ARONOWITZ MECKLENBURG SPITALNICK & LIEPOLD, LLP, a California Limited Liability

18  Company; ABC Corporations 1-100; XYZ Limited Liability Companies 1-100; 123 Banking

19  Associations 1-100; and DOES 1-100.

20                           Defendants.

21  JAY N. GARDNER and RACHEL B. GARDNER, Husband and Wife;

22       v.

23  NATIONSTAR MORTGAGE LLC, a foreign

24  limited liability company authorized to conduct business in the State of Arizona; U.S. BANK,

25  N.A. as Trustee of the LEHMAN XS TRUST CERTIFICATES SERIES 2007-15N; ABC

26  corporations, Limited Liability Companies and Partnerships 1-100; and DOES 1-100;

27

28

---

Case No. 2:13-cv-01641-HRH

[Consolidated with No. 2:13-cv-02478-HRH]

**DEFENDANTS NATIONSTAR MORTGAGE, LLC, T.D. SERVICE COMPANY OF ARIZONA, AND U.S. BANK, N.A.'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**(Oral Argument Requested)**

PHX 331781948

Pursuant to Rule 56(c)(1), Fed.R.Civ.P., and LRCiv 56.1(a), Defendants Nationstar Mortgage LLC ("Nationstar"), TD Service Company of Arizona ("TD"), and U.S. Bank, N.A., as Trustee for the Lehman XS Trust Mortgage Pass-Through Certificates, Series 207-15N ("US Bank," and collectively with Nationstar and TD, the "Defendants") submit the following separate statement of facts in support of their motion for summary judgment, filed concurrently herewith:[1]

1.      The Gardners borrowed $960,000.00 from GreenPoint Mortgage Funding, Inc. (the "Loan" or "Note") to purchase property located at 3601 East Mountain View Road, Phoenix, Arizona (the "Property"), secured by a deed of trust (the "DOT") executed by the Gardners in favor of GreenPoint Mortgage Funding, Inc. recorded with the Maricopa County Recorder's Office on April 30, 2007 as Instrument No. 2007-0500849.  *See* Exh. 1 (Note); Exh. 2 (DOT); Exh. 4 (Affidavit of Nationstar Mortgage LLC ("Nationstar Affidavit")) at ¶ 4.

2.      The DOT named MERS as beneficiary as nominee for the lender and its successors and assigns, and the original trustee as Marin Conveyancing Corp.  *See* Exh. 2 (DOT) at 2-3.

3.      As the Borrowers under the DOT, the Gardners expressly agreed that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) **and the successors and assigns of MERS**."  *Id.* at 3 (emphasis added).

4.      The Gardners agreed to "irrevocably grant[] and convey[] to Trustee, in trust, with power of sale, [the Property]." *Id.*

5.      The DOT also provides in pertinent part that:

> Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times **without prior notice to the Borrower**.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

\* \* \*

---

[1] Unless otherwise noted, Defendants incorporate the same naming conventions used in their motion for summary judgment.

> There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. … If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

*Id.* at 11, § 20 (emphasis added).

6.  The DOT further states, "Substitute Trustee. Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all of the title, power and duties conferred upon Trustee herein and by Applicable Law." *Id.* at 13, § 24.

7.  On or about July 1, 2007, US Bank entered into a Trust Agreement with Structured Asset Securities Corporation and the Master Servicer (the "Trust Agreement").  *See* Exh. 3 (Trust Agreement excerpts); *see also* Exh. 4 (Nationstar Affidavit) at ¶5.

8.  The Trust Agreement delineated the rights of the parties and its servicers, including that the Master Servicer or any servicer may **act in its own name** "to effectuate foreclosure or other conversion of the ownership of the Mortgaged Property securing any Mortgage Loan…" *See* Exh. 3 (Trust Agreement Excerpts) at 8-10, § 9.04(a).

9.  The Trust Agreement further authorizes the US Bank, in its own name **or in the name of any Servicer**, to register or remove any instrument from the MERS® System and to make any associated assignments and recordings for MERS to act beneficiary as nominee. *See id.*

10.  Essentially, the Agreement authorized the Master Servicer to take all actions necessary to service the loan entered into by the Gardners, including assignment of the DOT and proceeding with foreclosure in the event of default.  *See id.*

11.  The Agreement also authorized the Master Loan Servicer to appoint any additional servicers to effectuate these actions.  *See id.*

12.  Additionally, on or about July 1, 2007, US Bank entered into a Master Servicing Agreement ("Servicing Agreement") with the Master Servicer, incorporated into the Trust

Agreement.  *See* Exh. 5 (Servicing Agreement excerpts); *see also* Exh. 4 (Nationstar Affidavit) at ¶6.

13.    Pursuant to the Servicing Agreement, the Master Servicer was authorized to take all actions necessary to service the loan entered into by the Gardners, including assignment of the DOT and proceeding with foreclosure in the event of default.  *See id.*

14.    The Master Servicer's authority under the Servicing Agreement included assigning the DOT to Nationstar as an additional servicer.  *See id.*

15.    On or about September 21, 2011, Stacey Sandoz executed a Corporate Assignment of Deed of Trust, recorded with the Maricopa County Recorder's Office on October 17, 2011 as Instrument No. 2011-0858688 (the "First Assignment") on behalf of MERS as Nominee for GreenPoint Mortgage Funding, Inc. ("GreenPoint") and its successors and assigns.  *See* Exh. 6 (First Assignment); *see also* Exh. 4 (Nationstar Affidavit) at ¶7.

16.    At the time Ms. Sandoz executed the First Assignment, she was authorized by MERS to do so pursuant to a MERS Corporate Resolution dated September 21, 2011 issued to Aurora as identified by its ORG ID 1000487 (the "MERS Resolution").  *See* Exh. 7 (MERS Resolution); *see also* Exh. 4 (Nationstar Affidavit) at ¶8.

17.    Pursuant to the MERS® System Milestones Report, on or about August 1, 2011, the MERS® System was updated to reflect Plaintiffs' loan being registered to Aurora with ORG ID 1000487, as the subservicer.  *See* Exh. 15 ("Milestone Report").

18.    By way of the First Assignment, Aurora succeeded to all rights granted to the beneficiary under the DOT.  *See* Exh. 4 (Nationstar Affidavit) at ¶9.

19.    On or about October 25, 2011, Michele Rice, a Vice President of Aurora, executed a Substitution of Trustee recorded with the Maricopa County Recorder's Office as Instrument No. 20110923343 on behalf of Aurora, naming Quality Loan Service Corporation as the new Trustee (the "First Substitution").  *See* Exh. 8 (First Substitution); *see also* Exh. 4 (Nationstar Affidavit) at ¶10.

20.    On or about June 12, 2012, Nationstar entered into an Amended and Restated Residential Servicing Asset Purchase Agreement By And Among Aurora Bank FSB, Aurora

Loan Services LLC, and Nationstar Mortgage LLC (the "Purchase Agreement").  *See* Exh. 9 (Purchase Agreement); *see also* Exh. 4 (Nationstar Affidavit) at ¶11.

21.     Pursuant to the Purchase Agreement, Nationstar acquired all servicing rights for all loans serviced by the Master Servicer and all rights for all loans where Aurora was the current beneficiary of a deed of trust.  *See id.*

22.     Pursuant to the Purchase Agreement, Nationstar also obtained all servicing rights for the Trust Agreement, authorizing Nationstar to take all actions to service said loans, including foreclosure in the event of default.  *See* Exh. 9 (Purchase Agreement) at § 7.10, Schedule 1.01(h) (Trust Agreement No. 157); *see also* Exh. 4 (Nationstar Affidavit) at ¶12.

23.     On or about June 28, 2012, Julie Erickson, a Vice President of Aurora, executed a Corporate Assignment of Deed of Trust recorded as Maricopa County Recorder Instrument No. 2012-0789178 on behalf of Aurora, assigning all rights to Nationstar (the "Second Assignment").  *See* Exh. 10 (Second Assignment); *see also* Exh. 4 (Nationstar Affidavit) at ¶13.

24.     By way of the Second Assignment, Nationstar succeeded to all rights granted to the beneficiary under the DOT.  *See* Exh. 10 (Second Assignment); *see also* Exh. 4 (Nationstar Affidavit) at ¶14.

25.     On or about April 19, 2013, Albert Nguende, an Assistant Secretary for Nationstar, executed a Substitution of Trustee, recorded with the Maricopa County Recorder's Office as Instrument No. 2013-0390424 (the "Second Substitution"), on behalf of Nationstar, naming TD as Trustee.  *See* Exh. 11 (Second Substitution); *see also* Exh. 4 (Nationstar Affidavit) at ¶15.

26.     On or about April 30, 2014, Nationstar executed a Limited Power of Attorney, granting AMSL authority as Nationstar's attorney-in-fact to execute various documents on Nationstar's behalf, including the Third SOT and the Fourth SOT (the "Nationstar Power of Attorney").  *See* Exh. 12 (Nationstar Power of Attorney); *see also* Exh. 4 (Nationstar Affidavit) at ¶16.

27.     The Nationstar Power of Attorney was recorded is the Official Records of

Maricopa County Recorder's Office on June 25, 2014 as instrument 20140414601.  *See id.*

28.     On September 10, 2014, AMSL, as attorney in fact for Nationstar Mortgage LLC, recorded a Notice of Substitution of Trustee as Instrument No. 20140596798, substituting attorney Startlet J. Japp as the trustee under the DOT (the "Third Substitution"). *See* Exh. 13 (Third Substitution); *see also* Exh. 4 (Nationstar Affidavit) at ¶17.

29.     On October 2, 2014, AMSL, as attorney in fact for Nationstar Mortgage LLC, recorded a Notice of Substitution of Trustee as Instrument No. 20140653071, substituting attorney Clayton A. Goff as the trustee under the DOT (the "Fourth Substitution").  *See* Exh. 14 (Fourth Substitution); *see also* Exh. 4 (Nationstar Affidavit) at ¶18.

30.     The Note states that the "Lender may **transfer** this Note. Lender **or anyone who takes this note by transfer** and who is **entitled to receive payments** under this Note is called the 'Note Holder.'"  Exh. 1 (Note) at 1 (emphasis added).

31.     While the MERS Resolution was issued "at the request of Aurora Bank, FSB," the effect was to appoint Ms. Sandoz as "an assistant secretary and vice president of MERS…."  *See* Exh. 7 (MERS Resolution) at 2.

32.     The MERS Resolution provides Ms. Sandoz with authority to take a variety of actions on behalf of MERS, including:

> (2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS® System, is shown to be registered to the Member;

*See id.*

33.     Pursuant to the MERS® System Milestones Report, on or about August 1, 2011, the MERS® System was updated to reflect Plaintiffs' loan being registered to Aurora with ORG ID 1000487, as the subservicer.  *See* Exh. 15 (Milestone Report), at 2.

34.     Section 9.04 of the Trust Agreement, titled, "Power to act; Procedures," states in part:

> **The Master Servicer** shall master service the Mortgage Loans and shall have full power and authority, subject to the REMIC Provisions and the provisions of Article X hereof,  **and each Servicer shall have full power**

5

**and authority (to the extent provided in the applicable Servicing Agreement) to do any and all things that it may deem necessary or desirable in connection with the servicing and administration of the Mortgage Loans, including but not limited to the power and authority** (i) to execute and deliver, on behalf of the Certificateholders and the Trustee, customary consents or waivers and other instruments and documents, (ii) **to consent to transfers of any Mortgaged Property and assumptions of the Mortgage Notes and related Mortgages**, (iii) to collect any Insurance Proceeds and Liquidation Proceeds, and **(iv) to effectuate foreclosure or other conversion of the ownership of the Mortgaged Property securing any Mortgage Loan, in each case, in accordance with the provisions of this Agreement and the applicable Servicing Agreement, as applicable**; …The Master Servicer further is authorized and empowered by the Trustee, on behalf of the Certificateholders and the Trustee, in its own name **or in the name of any Servicer (to the extent permitted in the applicable Servicing Agreement)**, when the Master Servicer or a Servicer, as the case may be, believes it is appropriate in its best judgment **to register any Mortgage Loan with MERS, or cause the removal from the registration of any Mortgage Loan on the MERS system, to execute and deliver, on behalf of the Trustee and the Certificateholders or any of them, any and all instruments of assignment and other comparable instruments with respect to such assignment or re-recording of a Mortgage in the name of MERS, solely as nominee for the Trustee and its successors and assigns**.

*See* Exh. 3 (Trust Agreement excerpts) at § 9.04 (emphasis added).

35.    Section 9.20(a) of the pooled Trust Agreement, relating to Realization Upon Defaulted Mortgage Loans, provides in part that "The Master Servicer shall use its reasonable best efforts to, **or to cause the applicable Servicer to, foreclose upon**, repossess or otherwise comparably convert the ownership of Mortgaged Properties securing such of the Mortgage Loans as come into and continue in default and as to which no satisfactory arrangements can be made for collection of delinquent payments, all in accordance with the applicable Servicing Agreement." *See* Exh. 5 (Servicing Agreement excerpts) at § 9.20(a) (emphasis added).

DATED this 19th day of October, 2016.

GREENBERG TRAURIG LLP

By:  */s/ Brian J. Schulman*
Brian J. Schulman
*Attorneys for Defendants Nationstar Mortgage LLC,*
*T.D. Service Company of Arizona, and U.S. Bank, N.A.*

6

1

**CERTIFICATE OF SERVICE**

2

☒ I hereby certify that on October 19, 2016, I electronically transmitted the attached document

3

to the Clerk's Office using CM/ECF System for filing.

4

5

By: */s/ Amy L. Hershberger*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28