IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JAY N. GARDNER and RACHEL B. GARDNER,

                Plaintiffs,

vs.

NATIONSTAR MORTGAGE, LLC, et al.,

                Defendants.

JAY N. GARDNER and RACHEL B. GARDNER,

                Plaintiffs,

vs.

NATIONSTAR MORTGAGE, LLC, et al.,

                Defendants.

No. 2:13-cv-1641-HRH
[Consolidated with
No. 2:13-cv-2478-HRH]

O R D E R

Motion for Clarification/Reconsideration

Plaintiffs move[1] for clarification and/or reconsideration of one portion of the court's order[2] on defendants' motion for protective order.  In that order, the court barred discovery

---

[1]Docket No. 163.

[2]Docket No. 162.

-1-

on several aspects of a report by Marie McDonnell, an expert retained by plaintiffs, including paragraph G, which was McDonnell's opinion that

> [t]he beneficiaries of the Lehman XS Trust, Series 2007-15N have either not been harmed by the Plaintiffs' alleged default because they have been receiving monthly advances; or they have other recourse against U.S. Bank, National Association and the participants in the deal.[3]

The court granted defendants' motion for a protective order as to paragraph G because "[t]he matter of monthly payments received by the Lehman XS Trust in connection with other securitized deeds of trust and/or any recourse that the Trust may have to defendants is not relevant to any issue raised by [plaintiffs'] fourth amended complaint."[4]

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiffs argue that the court committed clear error as to paragraph G because the McDonnell report addresses the payments received by the Lehman XS Trust related to their loan, not other other securitized deeds of trust. Plaintiffs argue that payments related to their loan, in the form of advances, are relevant to issues raised in their fourth amended complaint because they demonstrate that the trustee, the Trust, and the Certificateholders have suffered no loss due to any default by plaintiffs; and if there has been no default, then no default could be declared, the debt could not accelerated, and no foreclosure could occur.

However, nowhere in their fourth amended complaint do plaintiffs allege that there could be no default and no foreclosure because payments were actually being made on their

---

[3]Motion for Protective Order at 8, Docket No. 154.

[4]Order re Motion for Protective Order at 5, Docket No. 162.

loan. Plaintiffs do not allege that a default was improperly declared because the loan was not actually in default. Rather, plaintiffs allege that the entities that declared a default were not authorized to do so. Thus, whether anyone has been receiving payments or advances in connection with plaintiffs' loan is not relevant to plaintiffs' remaining claims.

Plaintiffs' motion for clarification/reconsideration[5] is denied.

DATED at Anchorage, Alaska, this <u>24th</u> day of February, 2017.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[5] Docket No. 163.